

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00063-CV

_____

IN THE INTEREST OF H.A.C., A CHILD

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. FA-15-42340

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

On September 1, 2016, in a proceeding initiated by the Texas Department of Family and Protective Services (the Department), the trial court entered an order terminating the parent-child relationship between H.A.C.[1] and Father. Prior to trial, the trial court determined that Father was indigent and appointed Joe Moss to represent him at trial.

Paragraph 10.1 of the trial court's termination order states that "the child the subject of this suit will not continue in care."[2] As a result, the trial court relieved from duty (1) H.A.C.'s court-appointed attorney ad litem, (2) H.A.C.'s court-appointed guardian ad litem, (3) Mother's court-appointed counsel, and (4) Father's court-appointed counsel.

Father thereafter filed a pro se notice of appeal on September 15, 2016, complaining of the trial court's termination order. On the same date, Father filed a declaration of inability to pay costs based on his indigence, seeking the appointment of appellate counsel.

Having determined that Father is entitled to be represented on appeal by appointed counsel, this Court abated this matter to the trial court to appoint counsel to represent Father in this appeal. *See* TEX. FAM. CODE ANN. § 107.013 (West Supp. 2016); TEX. R. APP. P. 20.1(a)(3).

On October 6, 2016, this Court received a supplemental clerk's record from the trial court. That record contains the trial court's "Order Appointing Attorney." The trial court's order purports

---

[1]To protect the identity of the minor child who is the subject of this appeal, we use initials to refer to the child and refer to the child's parents as "Mother" and "Father," respectively. *See* TEX. R. APP. P. 9.8.

[2]Mother was appointed permanent managing conservator of H.A.C.

to appoint Moss to represent Father on appeal "as standby counsel." The trial court explained that Father indicated a desire to represent himself on appeal.

Father's declaration of inability to pay costs unequivocally states that he is "requesting this Court to provide [him] with the Court transcript, the Clerk records, and an attorney for appeal." There is no indication that Father desires to represent himself on appeal. This was the basis for this Court's previous order which, for all intents and purposes, instructed the trial court to appoint counsel to represent Father on appeal. We, therefore, reject the trial court's limitation on the appointment of counsel.[3]

Having rejected this limitation, we believe Father's interests are best served in being represented by different appellate counsel, as Moss represented Father in the trial court. We, therefore, abate this appeal to the trial court yet again, and direct the trial court to appoint new counsel to represent Father in this appeal. The appointment should be unqualified, meaning the designation of appointed counsel as "standby counsel" is unacceptable. The order appointing counsel shall be sent to this Court in the form of a supplemental clerk's record within seven days of the date of this order.

Because this case involves an appeal from the termination of Father's parental rights, we again demand, in accord with applicable law, that this matter be expedited at all levels. Appointed counsel should be prepared to pursue the appeal without further delay.

---

[3]We do not have a supplemental reporter's record indicating that the trial court attempted to determine Father's desire to represent himself on appeal. Even if we had such a record, we would nevertheless require the appointment of counsel to represent Father's interests in this appeal.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record containing the trial court's order appointing appellate counsel for Father.

IT IS SO ORDERED.

BY THE COURT

Date: October 13, 2016